IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CLARENCE R. MARTIN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0043 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY
PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner CLARENCE R. MARTIN has filed with this Court a petition for a writ of habeas corpus challenging a prison disciplinary case. Petitioner failed to provide the Court with the required information about his underlying conviction, except to state that he is serving a six year sentence and in respondent's custody pursuant to a June 14, 2002 conviction for the felony offense of arson, out of the Judicial District Court of Brazoria County, Texas.[1]

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release <u>and</u> must have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In this case, respondent, in his response filed June 23, 2005, briefed the issue of petitioner's eligibility for

---

[1] In his answer, respondent has informed the Court that such conviction was for the second degree felony offense of arson.

HAB54\DISCIP\R&R\MARTIN-CR.INEL:3,1        Page 1 of  4

mandatory release. Respondent contends petitioner was not eligible for mandatory release at the time he filed the instant petition on August 5, 2004, since he had been denied release to mandatory supervision by the Texas Board of Pardons and Paroles on January 27, 2004 and December 6, 2004. Petitioner has not filed any reply to respondent's answer and has not challenged respondent's contention that petitioner is no longer eligible for mandatory release.

In deciding *Malchi*, *supra*, the Fifth Circuit did not reach the issue of whether an inmate serving a sentence for an offense committed after September 1, 1996, has a liberty interest in his accrued good time so as to entitle him to federal habeas corpus relief if such good time was forfeited. The September 1, 1996 date is significant because the legislature amended the mandatory release supervision statute effective that date. The amendment changed release to mandatory supervision from being automatic when an inmate's accrued good time and flat time served equaled his sentence, to making release subject to review by the Parole Board.

In this case, petitioner Martin's release is governed by the post-September 1, 1996 mandatory release provisions, and, in fact, petitioner has been denied release to mandatory supervision by the Parole Board. Since Martin has been denied release, the Texas Department of Criminal Justice records reflect he is no longer eligible for release to mandatory supervision. Therefore, while statutorily the arson offense for which petitioner was convicted constitutes an offense for which release to mandatory supervision is permitted, automatic mandatory release is no longer available to petitioner Martin, and, consequently, his status regarding release is subject to the discretion of the Parole Board. In fact, Martin's next review will, according to the TDCJ records furnished by respondent, not occur until January 2006, and he will have completely served and discharged his six year sentence in June 2006.

For the reasons set forth above, the Magistrate Judge agrees with respondent that Martin is no longer eligible for mandatory release and that his expectation of release is contingent upon favorable action by the Parole Board to the degree that he no longer has a liberty interest in his accrue good time credits. Since he no longer has a liberty interest in his accrued good time credits, he is not eligible for federal habeas corpus relief and his petition for writ of habeas corpus should be DENIED.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner CLARENCE R. MARTIN be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 30th day of September 2005.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the

parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).